1
2
3
4
5
6
7

Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Ariz. Bar No. 036888
(800) 615-4946
courtney@sanfordlawfirm.com

Attorney for Plaintiff

8
9
10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION

11
12

Shannon Begay, individually and on
Behalf of All Others Similarly Situated,

NO. 3:22-cv-

13

Plaintiff,

14

v.

**ORIGINAL COMPLAINT—
COLLECTIVE ACTION**

15
16

Copperstate Farms, LLC,

17

Defendant.

18
19
20
21
22

Plaintiff Shannon Begay ("Plaintiff"), individually and on behalf of all other similarly situated, by and through her attorney Courtney Lowery of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action against Copperstate Farms, LLC ("Defendant"), states and alleges as follows:

23
24
25
26

## I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA.

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    Plaintiff was employed by and performed work for Defendant in Navajo County. Therefore, venue is proper within the Prescott Division of this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

5.    Plaintiff is an individual and resident of Navajo County.

6.    Defendant is a domestic limited liability company.

7.    Defendant has a corporate office located at 5090 North 40th Street, Suite 170, Phoenix, Arizona 85108.

8.      Defendant's registered agent for service of process is Shelton L. Freeman, Freeman Law, PLLC, at 19 West Birch Avenue, Flagstaff, Arizona 86001.

9.      Defendant maintains a website at https://www.copperstatefarms.com.

## IV.      FACTUAL ALLEGATIONS

10.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

11.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12.     Defendant is a cannabis company that employs over 350 individuals.

13.     Defendant operates a growing facility at 650 North Industrial Way, Snowflake, Arizona 85937.

14.     Defendant operates four marijuana dispensaries in Arizona located in Tempe, Sun City and Scottsdale.

15.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16.     In the course of her duties while employed with Defendant, Plaintiff regularly used instrumentalities of interstate commerce such as the internet and her cell phone.

17.     Defendant employed Plaintiff within the three years preceding the filing of this Complaint.

18.     Defendant employed Plaintiff to perform quality assurance and packaging duties from October of 2019 until March of 2022.

19.     Specifically, Plaintiff's primary duties were to inspect, weigh, and package for distribution cannabis products.

20.     Defendant paid Plaintiff an hourly wage.

21.     Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

22.     Defendant also employed other hourly-paid employees (hereinafter, "Hourly Employees") to perform the work necessary to its business.

23.     Defendant classified other Hourly Employees as nonexempt from the overtime requirements of the FLSA.

24.     Defendant directly hired Plaintiff and other Hourly Employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.     Plaintiff and other Hourly Employees regularly or occasionally worked over forty hours per week throughout their tenure with Defendant.

26.     In addition to their regular pay, Plaintiffs and other Hourly Employees were paid bonuses when they met certain attendance goals ("attendance bonuses").

27.     The attendance bonuses were based on objective and measurable criteria.

28.     Plaintiff and other Hourly Employees expected to receive the attendance bonuses and did in fact receive the attendance bonuses on a regular basis.

29.     Upon information and belief, all or most Hourly Employees received attendance pay.

30.     The attendance bonuses constituted a nondiscretionary bonus paid to Plaintiff and other Hourly Employees.

31.     29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

32.     Defendant paid Plaintiff and other Hourly Employees 1.5 times their base hourly rate and did not include the attendance bonuses in the overtime calculation.

33.     Defendant violated the FLSA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Hourly Employees, in their regular rate when calculating their overtime pay.

34.     For example, during the pay period ending August 21, 2021, Plaintiff worked 82.62 hours, 2.62 of which were overtime hours. Plaintiff earned $120.00 in attendance bonuses during this time period; however, the $120 was not included in Plaintiff's overtime rate, resulting in approximately $1.90 underpayment by Defendant for that pay period.

35.     Upon information and belief, Defendant's pay practices were similar or the same for all Hourly Employees who received attendance bonuses, and other Hourly Employees were similarly underpaid.

36.     Plaintiff and other similarly situated Hourly Employees either did not perform work on a farm or performed work which was not in conjunction with the farmer's operation.

37.     Because of the volume of work required to perform their jobs, Plaintiff and other Hourly Employees at least occasionally worked in excess of 40 hours/week.

38.     Plaintiff and other Hourly Employees recorded their time using Defendant's electronic timekeeping system.

39.     Defendant knew or should have known that Plaintiff and other Hourly Employees worked hours over forty in at least some weeks.

40.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Hourly Employees violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

41.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Regular wages and overtime premiums for all hours worked over forty hours in any week;

B.      Liquidated damages; and

C.      Attorney's fees and costs.

42.     Plaintiff proposes the following collective under the FLSA:

**All Hourly Employees who earned an attendance
bonus within the past three years.**

43.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.      They were paid hourly;

B.      They were eligible for and received nondiscretionary bonuses;

C.      They worked over forty hours in at least one week in which they performed work related to a bonus; and

D.      They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

46.     Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

47.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

50.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

53.     Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

54.     Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

55.     Defendant knew or should have known that its actions violated the FLSA.

56.     Defendant's conduct and practices, as described above, were willful.

57.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

58.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

59.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
**(Collective Action Claim for Violation of the FLSA)**

60.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

63.    Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

64.    Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

65.    Defendant knew or should have known that its actions violated the FLSA.

66.    Defendant's conduct and practices, as described above, were willful.

67.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shannon Begay, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and their related regulations;

E.     An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

DATED this 8th day of September, 2022.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com